**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, ) | No. CR 05-0899-PHX-FJM |
| Plaintiff/Judgment Creditor, ) | **REPORT AND RECOMMENDATION** |
| vs. ) | |
| Lorenzo Lizarraga, ) | |
| Defendant/Judgment Debtor. ) | |
| Gila River Indian Community, ) | |
| Garnishee. ) | |

TO THE HONORABLE FREDERICK J. MARTONE, UNITED STATES DISTRICT JUDGE:

This matter arises on Plaintiff/Judgment-Creditor United States of America's ("Plaintiff") Application for Writ of Garnishment against Garnishee Gila River Indian Community ("Garnishee"), filed on October 16, 2012. (Doc. 16.) Defendant/Judgment Debtor ("Defendant") was previously ordered to pay restitution to Plaintiff in the amount of $20,595.76. (Doc. 14.) Plaintiff seeks the Writ because of its belief that Garnishee is in possession of property in which the Defendant has a substantial nonexempt interest. On October 19, 2012, Defendant was served a copy of the Plaintiff's Writ, along with the initial Clerk's Notice to Judgment Debtor. (Doc. 18.) On November 5, 2012, Garnishee filed its Answer admitting its possession of "Quarterly Per Capita Payments pursuant to the Gila River Indian Community Revenue Allocation Ordinance, GRIC Code, Title 22, Chapter 13," and described the value of the property as a "small percentage of net gaming revenues as

required under the Indian Gaming Regulatory Act, 25 U.S.C. §2701." (Doc 21, at 1.) Garnishee furthermore indicated that the "exact value of each payment is unknown until shortly before the payment dates," and that unless Defendant opts out of the Per Capita program, Garnishee anticipates being indebted to Defendant on January 31, April 30, July 31 and October 31 of every year. (Id., at 1-2.) On November 1, 2012, Defendant filed a *pro se* Request for Hearing and Motion to Quash. (Doc. 20.) Plaintiff filed a Response in Opposition to Defendant's Request. (Doc. 24.) On November 6, 2012, this matter was referred to this Court for garnishment rulings. (Doc. 22.)

Defendant's requests for a hearing and an order to quash are based entirely upon the following two statements:

> l. "The defendant was ordered to put this debt pursuant 18 U.S.C.S. 3663 (a) (3), and has to this date paid payment, under the inmate financial program to satisfy the court ordered restitution." (Doc. 20, at 1.)

> 2. "The defendant ask this court to issue and order to quash. As he has displayed consistent behavior and has complied with his terms of line ordered by this court." (Id., at 2.)

In his request for a hearing, Defendant relies upon 18 U.S.C. section 3505 (3) (B), (4) (D), and in his request for an order to quash, he relies upon section 3505 (10)(A). (Doc. 20.) There is no section 3505 in the United States Code, but there is a section 3205 that addresses objections to garnishment. The statutory section relating to a request for a hearing on garnishment is actually found at Section 3205 (5), which provides that "[w]ithin 20 days after receipt of the answer [of the garnishee], the judgment debtor or the United States may file a written objection to the answer and request a hearing." Defendant, however, does not object to the Garnishee's Answer, and in fact could not have received Garnishee's Answer by the time he filed his request on November 1, 2012, as Garnishee's Answer was filed on November 5, 2012. (Docs. 20, 21.)

Plaintiff construes Defendant's request as made pursuant to 28 U.S.C. §3202(d), which relates to the filing of objections to garnishment, which makes sense given the above. Defendant's request was filed after the Clerk's Office mailed a Notice of Service of

- 2 -

1  Documents on Judgment Debtor, sent on October 19, 2012.  (Doc. 18.)  Included in the
2  Notice was the Clerk's Notice of Post Judgment Garnishment, that described to Defendant
3  his rights relating to the proceedings, and notified him of his right to request a hearing.  (Doc.
4  17, at 3.)  Defendant was advised that "[a]t the hearing you may explain to the judge why you
5  think you do not owe the money to the Government."  (Id.)  Defendant was also advised of
6  his right to claim an exemption pursuant to 18 U.S.C. §2613(a)(2), and was given a list of
7  major exemptions that apply.  (Id., at 5-6.)

8  The provisions of 28 U.S.C. §3202(d), that relate to objections to garnishment,
9  provide:

> By requesting, within 20 days after receiving the notice described in section 3202(b), the court to hold a hearing, the judgment debtor may move to quash the order granting such hearing on such motion as soon as practicable, or, if so requested by the judgment debtor, within five days after receiving the request or as soon thereafter as possible.  The issues at such hearing shall be limited -
>
> (1) to the probable validity of any claim of exemption by the judgment debtor;
>
> (2) to compliance with any statutory requirement for the issuance of the post judgment remedy granted; and
>
> (3) if the judgment is by default and only to the extent that the Constitution or another law of the United States provides a right to a hearing on the issue, to- (A) the probable validity of the claim for the debtor which is merged in the judgment; and (B) the existence of good cause for setting aside such judgment.

19  Defendant does not raise any of the issues enumerated in 28 U.S.C. §3202(d)(1)-(3).
20  He does not claim any exemption for his Quarterly Per Capita payments, does not claim that
21  Plaintiff has failed to comply with statutory procedure, and does not request that the
22  underlying judgment be set aside.  Instead, he claims that his Quarterly Per Capita payments
23  should not be garnished because he is participating in the Inmate Financial Responsibility
24  Program, as ordered by the Court. (Doc. 11, at 2.)  As such, the Court will recommend that
25  Defendant's request for a hearing be denied.

26  Even if Defendant's request for a hearing was proper, the existence of a periodic
27  payment provision in a restitution order does not prohibit the United States from seeking a
28  writ of garnishment for more than what the payment provision requires.  See, e.g., United

States v. Ekong, 518 F.3d 285, 286 (5th Cir. 2007) (government may pursue immediate enforcement of restitution judgment despite provision in judgment specifying installment payments).  Additionally, as provided in 18 U.S.C. §3664(n);

> If a person obligated to pay restitution, or pay a fine, receives substantial resources from any source, including inheritance, settlement, or other judgment, during a period of incarceration, such person shall be required to apply the value of such resources to any restitution or fine still owed.

The fact that Defendant is participating in the Inmate Financial Responsibility Program, and is, through that program, making payments toward his restitution, is not a basis to object to, or defeat this garnishment action.

In accordance with the foregoing,

**IT IS HEREBY RECOMMENDED** that Defendant's Request for Hearing and Motion to Quash (Doc. 20) be **DENIED**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.  The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  See 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 6(a), 6(b) and 72.  Thereafter, the parties have fourteen (14) days within which to file a response to the objections.  Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review.  See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003).  Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's recommendation.  See Fed.R.Civ.P. 72.

DATED this 30th day of November, 2012.



Michelle H. Burns
United States Magistrate Judge

- 4 -